## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
**Urbana Division**

**CHRISTOPHER FOSTER,**

   **Plaintiff,**

v.

**CAROLYN W. COLVIN,**
**Acting Commissioner of Social Security,**

   **Defendant.**

Case No. 15-2059

## REPORT AND RECOMMENDATION

  Plaintiff Christopher Foster seeks review under 42 U.S.C. § 405(g) of the Social Security Administration's denial of his application for disability insurance benefits. The parties have filed cross motions for summary judgment.[1]  For the reasons explained below, the Court recommends that Plaintiff's Motion for Summary Judgment **(#26)** be **DENIED**, Defendant's Motion for Summary Judgment **(#28)** be **GRANTED**, and that the decision to deny benefits be affirmed.

**I.**  **Background**

  On February 22, 2012, Plaintiff filed an application for disability insurance benefits, alleging disability beginning August 29, 2006. Plaintiff's claims were denied initially and upon reconsideration. Plaintiff filed a request for hearing and a video hearing was held on October 1, 2013, before an Administrative Law Judge (ALJ). During the hearing, the ALJ heard testimony from Plaintiff and a vocational expert.

  On October 30, 2013, the ALJ issued an unfavorable decision. (R. 17-26.) The ALJ found that Plaintiff has the severe impairments of posttraumatic stress disorder (PTSD) and alcoholism (20 CFR 404.1520(c) and 416.920(c)). (R. 19.) The ALJ determined that Plaintiff does not have an impairment or combination of impairments that meet or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart A, Appendix 1 (20 CFR 404.1520(d),

---

[1] Plaintiff's Memorandum exceeds the page limits set forth in Local Rule 7.1(B)(4), and Plaintiff failed to file a motion for leave to exceed the page limit. Despite the lack of compliance, the Court will consider Plaintiff's Memorandum in its entirety.

404.1525 and 404.1526). Additionally, the ALJ found that Plaintiff has the residual functional capacity (RFC) to:

> [P]erform medium work as defined in 20 CFR 404.1567(c) except that he is limited to low stress work, which is defined as work having low production quotas. He is also limited to minimal interaction with the public, supervisors, and coworkers. He is restricted from working around loud noises.

(R. 21.) The ALJ found that Plaintiff is unable to perform his past relevant work as a maintenance worker, security guard, and automobile salesman, but concluded that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (R. 25.) Plaintiff filed a Request for Review, which the Appeals Council denied, making the ALJ's ruling the Commissioner's final decision.

## II.     Standard of Review

In reviewing the ALJ's decision, this Court does not try the case *de novo* or replace the ALJ's findings with the Court's own assessment of the evidence. *Pugh v. Bowen*, 870 F.2d 1271, 1274 (7th Cir. 1989). Instead, the Court must affirm the decision to deny benefits if the ALJ correctly applied the law and supported the decision with substantial evidence. *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011). The Supreme Court has defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Stated differently, if reasonable minds could differ as to whether Plaintiff is disabled, the Court must uphold the ALJ's decision to deny benefits. *Books v. Chater*, 91 F.3d 972, 978 (7th Cir. 1996). Importantly, in order for the Court to evaluate the ALJ's analysis, the ALJ must build a "logical bridge from the evidence to his conclusion." *See Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000).

## III.    Analysis

### a.  Listing 12.06

Plaintiff first argues that the ALJ erred in finding Plaintiff did not satisfy the diagnostic criteria of Listing 12.06. Listing 12.06 applies to anxiety-related disorders. The required level of severity is met by requirements of either both paragraphs A and B or paragraphs A and C. The ALJ found that the evidence failed to establish either paragraph B or C criteria.

#### i.  Paragraph B

Regarding paragraph B, the ALJ found that Plaintiff has only mild restrictions in activities of daily living, moderate difficulties in social functioning, moderate difficulties in concentration, persistence, and pace, and no episodes of decompensation. Plaintiff's motion argues that the ALJ erred in considering the evidence and that Plaintiff had marked limitations in activities of daily living, social functioning, and concentration, persistence, and pace. Plaintiff also argues that he had multiple episodes of decompensation which the ALJ failed to consider.

Plaintiff first criticizes the ALJ for considering Plaintiff's daily activities, citing Seventh Circuit cases noting that the ALJ should not place undue weight on a claimant's daily activities in assessing his ability to work full time. *See Day v. Astrue*, 334 Fed. Appx. 1, 8 (7th Cir. 2009). However, the ALJ merely followed the directive in Listing 12.06, which requires the ALJ to consider whether Plaintiff has a marked restriction of daily living activities.

Plaintiff also argues that his PTSD symptoms cause marked restrictions in his daily living activities and takes issue with the ALJ's finding that Plaintiff is able to drive. Plaintiff's argument fails to justify remand. First, Plaintiff himself reported that he drives. Second, the regulations do not list driving as a daily activity. (R. 269.) The ALJ fully considered Plaintiff's reported daily activities, and Plaintiff does not raise any issue with the other reported daily activities.

Plaintiff also maintains that his PTSD symptoms cause marked difficulties in maintaining social functioning. Plaintiff reported that he did not like to be around people and difficulty relating to others, but also reported spending time socializing in his community and meeting friends. (R. 490, 493, 496.) The ALJ considered the conflicting evidence, and the Court will not replace the ALJ's findings with its own assessment of the evidence. *Pugh v. Bowen*, 870 F.2d 1271, 1274 (7th Cir. 1989).

Plaintiff also argues that his PTSD causes marked difficulties in concentration, persistence, or pace. However, the ALJ supported his finding with substantial evidence as Plaintiff reported that he is able to pay bills, count change, handle a savings account, use a checkbook, pay attention for one to two hours, follow written and spoken instructions, make mathematical calculations, repeat five digits forward and three backward, and name five presidents and five large cities without difficulty. (R. 269-276; 281-288; 413.)

Finally, regarding episodes of decompensation, Plaintiff notes that he was hospitalized from March 17, 2009, through March 24, 2009. The ALJ did not address this hospitalization in

his decision, but the Court finds this error to be harmless. The March 2009 hospitalization occurred after Plaintiff was reportedly drinking heavily for two weeks and his family obtained a court order to have Plaintiff removed from the home and sought to have him admitted. (R. 660-661.) Alcohol has been noted to be a symptom of PTSD. *See Freeman v. Astrue*, 816 F. Supp. 2d 611, 630 (E.D. Wis. 2011) ("his interpersonal and work history and alcohol use during the years… are consistent with the symptoms of severe PTSD."). However, Listing 12.06 refers "repeated episodes of decompensation, each of extended duration." Plaintiff points to other hospitalizations, but each of these occurred between 2010 and 2012 while Plaintiff's last date insured was June 30, 2009. Therefore, even if the March 2009 hospitalization was an episode of decompensation, Plaintiff has not shown repeated episodes of extended duration as required by Listing 12.06.

### ii. Paragraph C

Plaintiff also argues that the ALJ erred in finding that Plaintiff's restrictions did not meet Listing 12.06's paragraph C criteria. Paragraph C requires "a complete inability to function independently outside the area of one's home." 20 C.F.R., Part 404, Subpart P, App. 1, § 12.06(C). Plaintiff notes that he received PTSD treatment and residential treatment and that his PTSD "prevented him from living outside of some kind of treatment environment or structured environment." Plaintiff points to several time periods in his life where he was forced to live with his siblings, friends, and the Salvation Army. However, the fact that Plaintiff was forced out of his home and had to find other living arrangements does not show that Plaintiff had a "complete inability to function independently outside the area of one's home."

Plaintiff also argues that the ALJ cherry picked evidence and ignored evidence showing Plaintiff's limitations. But, as both the ALJ's Decision and the parties' memorandums show, the record is expansive and demonstrates times where Plaintiff functioned well and then short time periods where Plaintiff's symptoms were more significant. The Court is "not allowed to displace the ALJ's judgment by reconsidering facts or evidence, or by making independent credibility determinations. In fact, even if 'reasonable minds could differ concerning whether [Plaintiff] is disabled,' we must nevertheless affirm the ALJ's decision denying her claims if the decision is adequately supported." *Elder v. Astrue*, 529 F. 3d 408, 413 (7th Cir. 2008) (internal citations omitted).

Plaintiff has not shown that the ALJ erred in finding that Plaintiff did not meet the requirements of paragraphs B and C, and therefore the Court recommends affirmation of the ALJ's conclusion that Plaintiff did not meet Listing 12.06.

### b. Medical Evidence

Second, Plaintiff argues that the ALJ improperly ignored relevant medical evidence. Plaintiff points to other impairments including personality disorder with OCD traits, anxiety and panic disorder with agoraphobia, and argues that the ALJ failed to consider the combined effect of these impairments. Plaintiff fails to cite any evidence from the record showing that these impairments cause further restrictions meeting or equaling the listings. Instead, Plaintiff generally argues that "[t]hese additional impairments are different from PTSD and impose different symptoms and limitations. The combination of 'all' of Plaintiff's mental impairments caused him severe distress." Plaintiff's failure to develop his argument here in a meaningful way waives that argument. *See U.S. v. Adams*, 625 F.3d 371, 378 (7th Cir. 2010) ("By failing to develop his argument in any meaningful way, he has waived it."); *see also Smith v. United Residential Services & Real Estate, Inc.*, 837 F. Supp. 2d 818, n.5 ("It is not the job of the court to formulate and develop arguments for the parties.").

Plaintiff also notes that when volunteering as part of his therapy at the VA, he calls off at least two days a month, and that the vocational expert testified that consistently missing two days of work a month would prevent any substantial gainful activity. Plaintiff's reference to his work at the VA well after his date last insured is irrelevant to his ability to work as of his date last insured in June 2009. Further, the fact that Plaintiff chose to call off work does not establish that Plaintiff's limitations cause him to miss work.

Therefore, the Court finds that the ALJ did not improperly ignore relevant medical evidence.

### c. Credibility

Plaintiff's final argument is that the ALJ made an erroneous credibility determination. The ALJ found that Plaintiff's statements "concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." (R. 22.) The ALJ found inconsistency in Plaintiff's statements and the medical record. Plaintiff's motion cites heavily to the GAF scores Plaintiff received over time. But, the ALJ did not rely on

5

Plaintiff's GAF scores in evaluating Listing 12.06's criteria, and instead simply noted the GAF scores Plaintiff received and that the majority of them indicated "moderate" impairments.

Outside of discussing GAF scores, Plaintiff does not develop his argument regarding credibility. Plaintiff does not specify statements made by Plaintiff or restrictions claimed by Plaintiff that the ALJ improperly found lacked credibility. Plaintiff did not develop this argument, the Court will not speculate or develop the argument on its own. *U.S. v. Adams*, 625 F.3d 371, 378 (7th Cir. 2010)

### IV.   Conclusion

For these reasons, the Court recommends that Plaintiff's Motion for Summary Judgment **(#26)** be **DENIED**, Defendant's Motion for Summary Judgment **(#28)** be **GRANTED**, and that the decision to deny benefits be affirmed. The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTERED this 20th day of December, 2016.

s/ ERIC I. LONG
UNITED STATES MAGISTRATE JUDGE